Oket, J.
This suit in equity is prosecuted on a real estate mortgage, regular in form, and actually signed and sealed by the Carskaddens. When delivered to Williamson by John Carskadden, the instrument appeared to have been properly acknowledged before a justice of the peace by all the persons who signed it; and there is no averment that the mortgagee had notice of any irregularity or defect in the acknowledgment, or that the indebtedness referred to in the mortgage does not exist: In fact, the execution of the instrument was acknowledged by John Carskadden ; and the question presented is, whether the other persons who signed it can be heard to deny that they appeared before the justice of the peace and acknowledged the execution of such mortgage.
In Pennsylvania, the officer taking the acknowledgment of a deed performs a judicial act, and in favor of bona fide purchasers, the certificate is conclusive. Williams v. Baker, 71 Pa. St. 476 ; Heeter v. Glasgow, 79 Pa. St. 79. In Ohio, “'the magistrate does not exercise judicial functions in taking such acknowledgment. . . . His act, though official, is purely *666 ministerial.” Truman v. Lore, 14 Ohio St. 144, 151. Nevertheless, the certificate of such officer, where the grantor actually appeared before him, is, in the absence of fraud, conclusive evidence of the facts therein stated. Baldwin v. Snowden, 11 Ohio St. 203. The rigid enforcement of this rule'is required for the security of titles and the repose of society, and, indeed, by every consideration of public policy. Hence, where the testimony to impeach a certificate is uncertain or unsatisfactory, a court should decline to interfere; but, according to the decided weight of authority, where fraud is clearly shown, the certificate of acknowledgment should be declared invalid.
If it is true, as alleged by the defendants joining in the answer, that they never appeared before the officer or acknowledged the execution of such mortgage, the certificate of acknowledgment is, as to them, fraudulent; and in availing themselves of that defense, it is not necessary to show that the mortgagee had notice of such fraud. In fact, the governing principle is very broad. Thus, it has been held that in an action on a recognizance, which is regarded as a record, a plea in bar that the defendant did not acknowledge the recognizance is sufficient (The State v. Daily, 14 Ohio, 91; and see Callen v. Ellison, 13 Ohio St. 446, 454); and, however it may be as to the right to attack a judgment on the ground that there was no jurisdiction over the person (Scobey v. Gano, 35 Ohio St. 550, 553), it is not denied that, in a proper case, a judgment may be directly impeached on that gronnd.
Finding that the matter in the answer, above referred to, constitutes a defense to the action, the demurrer must bo overruled. But it. is suggested that this being done, sufficient appears in the pleadings to show the plaintiffs right to a judgment and order of sale, based on the instrument as an equitable mortgage. We think, however, that a conclusive answer to this suggestion is found in the fact that there is neither averment nor proof to warrant relief in the way suggested. Beyond that, can we say that Jolm Oarskaddcn had authority to deliver the instrument claimed to be a mortgage ? The answer is imperfect; it contains no express averment that he did not have such authority ; but it is charged, in substance, that John Car *667 skadden, at tbe request and in tbe presence of tbe plaintiff, wrote tbe note and signed thereto tbe names of all the persons who bad signed tbe pretended mortgage ; that this was done without the knowledge or consent of tbe defendants so answering ; and that at the same time be delivered those instruments to tbe plaintiff, wbo knew that John Oarskadden alone was the-principal debtor. This afforded to the plaintiff conclusive evidence that tbe recital in the pretended mortgage, as to tbe execution of the note, was not true, and amounted to a denial that John Oarskadden bad authority to deliver such mortgage, except with respect to himself. That a delivery made by fraud is as invalid as an execution obtained by fraud, or an acknowledgment falsely and fraudulently certified, is perfectly clear; and hence, an additional reason is furnished for saying that, taking the averments in tbe answer to be true, such instrument cannot be enforced.
Tbe demurrer will be overruled and tbe cause remanded for further proceedings.